IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELSIE VELEZ, et al.,

    Plaintiffs,

    v.

JUNTA DE CORREDORES, VENDEDORES Y EMPRESAS DE BIENES RAICES DE P.R., et al.,

    Defendants.

CIVIL NO. 04-1800 (RLA)

**ORDER DISMISSING THE COMPLAINT**

Plaintiffs instituted this action against the Commonwealth of Puerto Rico, the Puerto Rico State Department and its Examining Board Division, the Puerto Rico Board of Real Estate Brokers, Salespersons and Companies, and two government officers seeking monetary damages under Title III[1] of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12189,[2] as well as various local provisions pursuant to our supplemental jurisdiction.

---

[1] Even though in their complaint plaintiffs also cite § 12112 - which constitutes part of ADA's Title I - this provision is inapposite to this case inasmuch as it pertains to discrimination in employment which is not the situation before us.

[2] This provision reads:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for... professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

**CIVIL NO. 04-1800(RLA)** **Page 2**

---

Plaintiff ELSIE VELEZ claims that she failed the Real Estate Broker Licence Examination test due to defendants' failure to provide her with a reasonable accommodation despite her having a disabling eyesight condition.

Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) Fed. R. Civ. P. claiming, *inter alios*, Eleventh Amendment immunity to the ADA cause of action.[3]

### Rule 12(b)(6)

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the Court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. Frazier v. Fairhaven School Com., 276 F.3d 52, 56 (1st Cir. 2002); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the Court finds that plaintiff is not entitled to relief under any theory. Brown v. Hot, Sexy and

---

[3] For purposes of the Eleventh Amendment Puerto Rico has been considered a state. *See, i.e.*, Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico and Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir. 2003); Futura Dev. v. Estado Libre Asociado, 144 F.3d 7, 12-13 (1st Cir. 1998); In re San Juan Dupont Plaza Hotel Fire Lit., 888 F.2d 940, 942 (1st Cir. 1989).

**CIVIL NO. 04-1800(RLA)**                                              **Page 3**

Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995) cert. denied 116 S.Ct. 1044 (1996); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. Alternative Energy, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. Berezin, 234 F.3d at 70; Tompkins, 203 F.3d at 93.

### ADA

ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 372, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

States have been found to be immune from Title I ADA suits under the Eleventh Amendment protection. *Id*. This immunity, however, has not been extended to Title II ADA actions involving access to courts brought by individuals protected by the statute. Tennessee v. Lane, 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004). Although addressed at a lower level, the Eleventh Amendment's applicability to Title III suits is yet to be resolved by the United States Supreme Court. *See, i.e.,* Simmang v. Texas Bd. of Law Examiners, 346 F.Supp.2d 874 (W.D.Tex. 2004) (Title III suits barred by the Eleventh Amendment).

**CIVIL NO. 04-1800(RLA)**                                                    **Page 4**

In any event, we need not dispose of the Eleventh Amendment issue inasmuch as plaintiffs have only sought economic relief in this case which is not available under Title III. Plaintiffs defend by pointing to their supplemental claims which purportedly allow for monetary damages. However, this argument misses the mark. Title III, specifically at § 12188(a)(1), incorporates the remedies available in 42 U.S.C. § 2000a-3(a) which only allow for injunctive relief which is not part of the relief pled in the complaint filed in the instant case.

It appearing that plaintiff is not entitled to damages under Title III, defendants' Motion to Dismiss the ADA cause of action (docket No. **5**)[4] is **GRANTED**.

### Supplemental Jurisdiction.

The court having dismissed the federal-based cause of action, plaintiffs' remaining state law claims are also **DISMISSED**. *See*, McBee v. Delica Co., Ltd., 417 F.3d 107 (1st Cir. 2005); Gonzalez v. Family Dept., 377 F.3d 81, 89 (1st Cir 2004).

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 30th day of November, 2005.

                                                S/Raymond L. Acosta
                                                RAYMOND L. ACOSTA
                              United States District Judge

---

[4] *See*, Plaintiffs' Motion in Opposition (docket No. **8**).